# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HECTOR LEONARD JARDINE,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

2:16-cv-02637-RFB-NJK

**ORDER**

This is a habeas corpus case under 28 U.S.C. § 2254 brought by Hector Leonard Jardine, a Nevada prisoner. In accordance with the court's November 18, 2016, order (ECF No. 3), Jardine has paid the filing fee. Thus, the habeas petition is before the court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The petition indicates that Jardine filed a direct appeal in the Nevada Supreme Court with respect to the state conviction he seeks to challenge in this proceeding. The petition also indicates that the Nevada Supreme Court decided the direct appeal on December 19, 2008, and that Jardine initiated state post-conviction proceedings on November 20, 2009. Finally, the petition states that the Nevada Supreme Court entered its decision denying post-conviction relief on June 12, 2014, and that Jardine initiated this proceeding on November 8, 2016.

It appears as if Jardine initiated this action beyond the one-year limitation period in 28 U.S.C. §2244(d)(1). Thus, the court shall direct him to show cause in writing why the petition should not be dismissed with prejudice as time-barred.

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

A judgment, if appealed, becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup.Ct. R. 13(3).

Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n. 2 (9th Cir. 2005).

Based on documents attached to Jardine's petition, it appears as if he sought rehearing of the denial of his direct appeal, but there is nothing to indicate whether he filed a timely petition for writ of certiorari in the United States Supreme Court. But, even if the date Jardine's judgment of conviction became final was extended by a petition for certiorari, his federal petition is still untimely (based on the information he as provided) because over two years elapsed between the date his state post-conviction proceeding concluded and the date he initiated this case.

Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Under certain circumstances, the one-year limitation period may begin running on a later date. *See* 28 U.S.C. § 2244(d)(1)(B-D).

Finally, Jardine has also filed a motion for appointment of counsel. Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d

1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The initial threshold issue of timeliness is not complex. Based on the documents already submitted, the court finds Jardine capable of addressing that issue without assistance of counsel. Thus, appointment of counsel is not warranted at this point in the proceeding; and, Jardine's motion shall be denied. Should he demonstrate that his petition is timely, Jardine may move the court to reconsider this issue.

**IT IS THEREFORE ORDERED** that the clerk shall **file** the petitioner's petition for writ of habeas corpus (and attachments).

**IT FURTHER IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **show cause** in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.[1]

**IT FURTHER IS ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the

---

[1] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

4

federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

**No extension of time will be granted to respond to this order except in the most compelling of circumstances.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 4) is DENIED.

DATED this 29th day of September, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE