# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HECTOR LEONARD JARDINE,           )
                                  )
    Petitioner,                  )    2:16-cv-02637-RFB-NJK
                                  )
vs.                               )    **ORDER**
                                  )
BRIAN WILLIAMS, *et al.*,         )
                                  )
    Respondents.                 )
_____/

    On September 29, 2017, this court entered an order directing petitioner Jardine to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed as untimely. ECF No. 7. As noted in that order, it was unclear based on the documents attached to Jardine's petition whether he filed a timely petition for writ of certiorari in the United States Supreme Court with respect to his direct appeal, but even if he had, his federal petition would still be untimely (based on the information he had provided) because over two years elapsed between the date his state post-conviction proceeding concluded and the date he initiated this case. Jardine has filed his response to the order to show cause. ECF No. 9. For the reasons that follow, Jardine has established sufficient grounds upon which the court could find his petition timely.

    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." A judgment, if appealed, becomes final when the Supreme Court of the United States denies a

petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

Sup.Ct. R. 13(3).

Jardine's response to this court's order to show cause demonstrates that he did, in fact, timely file a petition for writ of certiorari in the United States Supreme Court with respect to his direct appeal. ECF No. 9, p. 15. Because Jardine initiated state post-conviction proceedings prior to the Supreme Court's denial of certiorari, the one-year period under § 2244(d)(1)(A) did not begin, for him, until the conclusion of that state post-conviction proceeding.

Jardine does not dispute that the Nevada Supreme Court entered its decision denying post-conviction relief on June 12, 2014,[1] and that Jardine initiated this proceeding more than two years later, on November 8, 2016. He submits convincing evidence, however, that neither his appointed counsel, nor the Nevada Supreme Court notified him of the decision denying relief and that he did not learn of the denial until the Clerk of the Nevada Supreme Court responded to his request for a docket sheet in September of 2016. ECF No. 9, p. 26-35. It also appears that, subsequent to Jardine

---

[1] The remittitur concluding the proceeding was issued on July 8, 2014 (ECF No. 9, p. 25), so that is the actual date the one-year statutory began. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

2

learning of the denial, his requests to counsel to send his case file were met with additional delay. *Id*.

Equitable tolling of § 2244(d)'s one-year period is appropriate if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). In *Gibbs v. Legrand*, 767 F.3d 879 (9th Cir. 2014), the Ninth Circuit concluded that the professional misconduct of petitioner's state post-conviction counsel together with petitioner's diligence in pursuing his rights warranted equitable tolling. 767 F.3d at 887-92. Jardine's response to the order to show cause demonstrates that his appointed counsel abandoned him in much the same way the petitioner in *Gibbs* was abandoned by his attorney. *See id.* (noting that counsel failed to communicate with petitioner "over a period of years," despite repeated efforts by petitioner to engage him, and failed to inform petitioner when his state PCR proceedings had concluded).[2]

And, Jardine demonstrates that he has been pursuing his rights at least as diligently as the petitioner in *Gibbs*, if not more so. As noted above, his direct appeal and state petition for post-conviction review were both timely. He has provided this court with copies of letters sent to counsel prior to September 2016 inquiring about the status of his case and subsequent letters asking for his case file. ECF No. 9, p. 26-31. He has also provided evidence of his efforts to obtain information and copies of documents from the Nevada Supreme Court. *Id.*, p. 32-35. In addition, Jardine initiated this proceeding approximately two months after learning that his state post-conviction appeal had been denied. *Cf. Gibbs*, 767 F.3d at 892-93 (recounting petitioner's efforts to pursue his rights notwithstanding attorney's misconduct and noting that he filed his federal habeas petition 65 days after receiving his files from counsel).

---

[2] In addition to counsel's apparent failure communicate with Jardine about the status of his case, it appears that counsel neglected to file a reply brief in support of Jardine's appeal. ECF No. 9, p. 25.

3

Based on the foregoing, this court concludes that Jardine has shown sufficient cause to not dismiss his petition as untimely and to allow this matter to proceed forward. Because respondents have yet to appear in this proceeding, this conclusion does not preclude respondents from hereafter raising timeliness as an affirmative defense.

The court also finds that, because Jardine has made an initial showing that this matter should not be dismissed, it is appropriate to reconsider his request for appointment of counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir.1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *see also Chaney*, 801 F.2d at 1196. It appears likely that there will be relatively complex issues to be addressed in this case and that Jardine may not be able to adequately litigate those issues without counsel. Therefore, the court finds that appointment of counsel is in the interests of justice.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall electronically serve upon respondents a copy of the petition for writ of habeas corpus (ECF No. 8), and a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that respondents shall have 20 days from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel

4

will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the FPD shall have 20 days from the date of entry of this order to file a notice of appearance, or to indicate to the court its inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the court will establish a schedule for further proceedings after counsel appear for the petitioner and the respondents.

DATED this 12th day of December, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE