UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HECTOR LEONARD JARDINE,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:16-cv-02637-RFB-NJK

ORDER

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner Jardine has filed a motion for leave to file a second amended petition, which the Respondents do not oppose. ECF Nos. 30/33. That motion will be granted. *See* Fed. R. Civ. P. 15(a)(2); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'").

Petitioner has also filed a second motion for discovery asking this court to issue an order requiring (1) the Clark County District Attorney's Office to provide counsel with the medical records for Carrie Rose it previously disclosed to Jardine's trial counsel during the litigation of *State v. Jardine*, Clark County Case No. C223240; (2) the Navy or Department of Defense to disclose all documents in Rose's official military personnel file; and (3) the Navy or Department of Defense to disclose Rose's formal military

complaint against a gunnery sergeant at Camp Lejeune, North Carolina, and any subsequent records related to Rose's complaint. ECF No. 29. Respondents have filed a response indicating they "partially oppose" Jardine's discovery request. ECF No. 32.

Respondents do not oppose Petitioner's request with respect to the medical records for Carrie Rose[1] previously disclosed to trial counsel. The court will grant the request.

With respect to Rose's military records, Petitioner apparently attempted to obtain these records in the state trial court based on a contention that Rose "had previously falsely accused a gunnery sergeant at Camp Lejeune of sexual misconduct." ECF No.29, p. 4. He argues that the records are necessary now to support his claims that the trial court violated his right to due process by denying his motion to obtain the records and that his trial counsel's failure to obtain them constituted ineffective assistance of counsel.

This court has at least two concerns with this request. First, Petitioner puts forth nothing more than his "belief" to support the underlying claim that Rose brought false accusations against an officer while serving in the military. *See Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) ("[Habeas discovery] was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'") (citation omitted). Second, both parties make numerous references to the state court record in their briefs on this motion, but the relevant portions of the state court record have yet to be filed in this proceeding. As such, this court is unable to properly assess whether Petitioner can satisfy a well-recognized requirement for federal habeas discovery – i.e., whether he can "show there is reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief."

---

[1] Jardine was convicted of attempted murder with use of a deadly weapon, burglary, first-degree kidnapping with use of a deadly weapon with substantial bodily harm, and sexual assault with use of a deadly weapon. *Jardine v. State*, Nos. 48736, 487372008 WL 6124726, at *1 (Nev. S. Ct. Dec. 19, 2008). Carrie Rose was his victim. *Id*.

*Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). For these reasons, the court will deny Petitioner's discovery request in relation to Rose's military records.[2]

**IT IS THEREFORE ORDERED** that Petitioner's second motion for discovery (ECF No. 29) is GRANTED in part and DENIED in part. The Clark County District Attorney's office is ordered to provide Petitioner's counsel with the medical records for Carrie Rose it previously disclosed to Jardine's trial counsel during the litigation of *State v. Jardine*, Clark County Case No. C223240. Petitioner's request for leave to obtain Rose's military records is denied.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to file a second amended petition (ECF No. 30) is GRANTED. Petitioner's second amended petition is due 45 days from the date this order is entered. In all other respects, the scheduling of this proceeding is governed by the court's order of January 8, 2018 (ECF No. 14).

**IT IS FURTHER ORDERED** that pending motions for extension of time (ECF Nos. 31 and 34) are GRANTED *nunc pro tunc* as of their respective filing dates.

DATED this 17th day of June, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[2] In addition, Petitioner's request for *all* documents in Rose's official military personnel file is far too broad for Petitioner's stated purpose. *See Bracy*, 520 U.S. at 909 ("[Habeas] Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court.").

3