UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HECTOR LEONARD JARDINE,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:16-cv-02637-RFB-NJK<br><br>**ORDER** |

This is a habeas corpus action under 28 U.S.C. § 2254 brought by Hector Leonard Jardine, a Nevada prisoner. Respondents move to dismiss his habeas petition as untimely and procedurally defaulted. ECF No. 44. In response, Jardine moves to strike the motion or, in the alternative, for an order directing respondents to provide a more definite statement as to untimeliness. ECF No. 52. For reasons that follow, the court will grant Jardine's motion and give the respondents 60 days to file an answer or new motion to dismiss.

**I. Procedural Background**

On December 20, 2006, the state district court for Clark County, Nevada, entered a judgment of conviction finding Jardine guilty of attempted murder with use of a deadly weapon, burglary, first-degree kidnaping with use of a deadly weapon with substantial bodily harm, and sexual assault with use of a deadly weapon. ECF No. 45-50. The court sentenced Jardine to multiple concurrent and consecutive prison terms totaling a minimum of 50 years and a maximum of life. *Id*. On appeal, the Nevada Supreme Court affirmed the judgment of conviction and

subsequently denied Jardine's petition for rehearing. ECF No. 46-38 and 46-45. On December 3, 2009, the U.S. Supreme Court denied Jardine's petition for a writ of certiorari. ECF No. 47-7.

On November 20, 2009, Jardine filed a pro se petition for a writ of habeas corpus in the state district court. ECF No. 47-2. The district court denied the petition. ECF No. 47-12. On appeal, the Nevada Supreme Court reversed and remanded based on the district court's failure to appoint post-conviction counsel. ECF No. 47-18.

With the assistance of counsel, Jardine filed a supplemental state petition. Ex 127. The state district court denied relief. ECF No. 47-30. On June 12, 2014, the Nevada Supreme Court affirmed the lower court's decision, then entered a remittitur on July 8, 2014. ECF Nos. 48-3 and 48-4.

Jardine initiated this federal proceeding on November 8, 2016. ECF No. 8 at 1. Screening the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), this court directed Jardine to show cause why his petition should not be dismissed as untimely. ECF No. 7. Upon receiving Jardine's response, the court determined that he had established sufficient grounds upon which the court could find his petition timely, but did not preclude respondents from raising timeliness as an affirmative defense. ECF No. 10.

After being appointed counsel, Jardine filed an amended petition on April 25, 2019. ECF No. 28. On October 1, 2019, this court granted Jardine's unopposed request for a stay to exhaust an unexhausted claim in state court. ECF No. 38.

On December 4, 2019, the state district court denied Jardine's state exhaustion petition on procedural grounds. ECF No. 48-12. On appeal, the Nevada Supreme Court affirmed that decision. ECF No. 48-21. On March 18, 2021, this court granted Jardine's motion to reopen these proceedings. ECF No. 41. After requesting and receiving one extension of time, the respondents filed a motion to dismiss in response to the amended petition. ECF No. 44. In response to the motion to dismiss, Jardine filed the motion to strike or for more definite statement that has been fully-briefed and is before the court for decision. ECF Nos. 52, 56, and 59.

**II. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). In addition, equitable tolling of § 2244(d)'s one-year period is appropriate if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(c), a petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a timely-filed petition. Under Rule 15(c), a claim in an amended petition relates back to a claim in a timely-filed petition if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the previous petition. Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court explained in *Mayle v. Felix*, 545 U.S. 644 (2005), Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted).

**III. Motion to Strike**

Respondents argue in their motion to dismiss that Jardine's amended petition is untimely because he filed it after the one-year deadline. They take the position that all of Jardine's claims are untimely by virtue of the operative petition's filing date alone, and contend that Jardine must show actual innocence, grounds for equitable tolling, or that his claims relate back to a prior timely

filing. With his motion to strike or for more definite statement, Jardine argues that, by failing to address the timeliness of his initial pro se petition and whether claims in his amended petition relate back to that pleading, respondents are requiring him to "anticipate arguments that have not yet been made." ECF No. 52 at 2. So, he asks the court to strike the untimeliness argument in the motion to dismiss and direct the respondents to provide a more definite statement of it.

Rule 5(b) of the Habeas Rules states: "The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Although this rule does not mention the specificity of response required in a motion to dismiss, it has been the long-standing practice in this district for respondents to address the timeliness of the initial habeas petition in such motions and to identify the particular grounds that they claimed did not relate back and to explain why. Respondents do not indicate why they abandoned this practice here or why a lesser standard should apply when the defense is first asserted in a motion to dismiss instead of an answer.

Here, respondents' motion to dismiss fails to specify whether they are conceding the timeliness of Jardine's initial pro se petition or contesting it. Consequently, Jardine is left without knowing whether he needs to argue the point by asserting equitable tolling or other grounds to establish that it is a timely pleading to which his amended claims can relate back. And, at least some of the claims in the amended petition share the same core of operative facts as those in the initial petition. Without respondents identifying the claims that, in their view, do not, Jardine is unnecessarily burdened with making a relation back argument for every one of his claims.

Given these circumstances, the court will grant the motion to strike or for more definite statement. The motion to dismiss will be denied without prejudice to respondents filing a new motion in which they address the timeliness of Jardine's initial pro se petition and specify which claims in his amended petition, if any, do not relate back to the initial petition.

///

///

### IV. Other Pending Motions

Also before the court are Jardine's third motion for discovery and motion to stay briefing on respondents' motion to dismiss. ECF Nos. 60/63. With the former, Jardine asks the court to enter an order requiring the Nevada Department of Corrections ("NDOC") to provide counsel with a phone log that contains phone numbers for all calls Jardine made between July 1, 2014 and December 1, 2017. Respondents do not oppose the motion. ECF No. 62. Thus, it will be granted.

With the other motion, Jardine asks the court to stay the briefing schedule for litigating respondents' motion to dismiss (ECF No. 44) pending a decision on his motion to strike or for more definite statement (ECF No. 52). Having decided the motion to strike, the court will modify its prior scheduling order. Accordingly, Jardine's motion to stay is moot.

**IT IS THEREFORE ORDERED** that Jardine's motion to strike or, in the alternative, for more definite statement (ECF No. 52) is GRANTED. Respondents have 60 days from the date of this order to file an answer or a new motion to dismiss. The briefing schedule in the March 18, 2021, order (ECF No. 41) otherwise remains in effect.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 44) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Jardine's third motion for discovery (ECF No. 60) is GRANTED. The NDOC is directed to provide Jardine's counsel with a phone log that contains phone numbers for all calls Jardine made between July 1, 2014 and December 1, 2017.

**IT IS FURTHER ORDERED** that Jardine's motion to stay (ECF Nos. 63) is DENIED as moot.

**DATED**: June 6, 2022.

_____
RICHARD F. BOULWARE, II
United States District Judge