UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HECTOR LEONARD JARDINE,<br><br>                              Petitioner,<br>     v.<br><br>BRIAN WILLIAMS, et. al,<br><br>                              Respondents. | Case No. 2:16-cv-02637-RFB-NJK<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in response to Petitioner Jardine's amended petition for a writ of habeas corpus (ECF No. 28). ECF No. 65. Respondents argue that the petition is untimely and that Claim 1 of the petition is procedurally defaulted. For reasons that follow, the motion is granted in part and denied in part.

I. PROCEDURAL BACKGROUND

On December 20, 2006, the state district court for Clark County, Nevada, entered a judgment of conviction finding Jardine guilty of attempted murder with use of a deadly weapon, burglary, first-degree kidnaping with use of a deadly weapon with substantial bodily harm, and sexual assault with use of a deadly weapon. ECF No. 45-50. The court sentenced Jardine to multiple concurrent and consecutive prison terms totaling a minimum of 50 years and a maximum of life. Id. On appeal, the Nevada Supreme Court affirmed the judgment of conviction and

subsequently denied Jardine's petition for rehearing. ECF No. 46-38 and 46-45. On December 3, 2009, the U.S. Supreme Court denied Jardine's petition for a writ of certiorari. ECF No. 47-7.

On November 20, 2009, Jardine filed a pro se petition for a writ of habeas corpus in the state district court. ECF No. 47-2. The district court denied the petition. ECF No. 47-12. On appeal, the Nevada Supreme Court reversed and remanded based on the district court's failure to appoint post-conviction counsel. ECF No. 47-18.

With the assistance of counsel, Jardine filed a supplemental state petition. Ex 127. The state district court denied relief. ECF No. 47-30. On June 12, 2014, the Nevada Supreme Court affirmed the lower court's decision, then entered a remittitur on July 8, 2014. ECF Nos. 48-3 and 48-4.

Jardine initiated this federal proceeding on November 8, 2016. ECF No. 8 at 1. Screening the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), this court directed Jardine to show cause why his petition should not be dismissed as untimely. ECF No. 7. Upon receiving Jardine's response, the court determined that he had established sufficient grounds upon which the court could find his petition timely, but did not preclude Respondents from raising timeliness as an affirmative defense. ECF No. 10.

After being appointed counsel, Jardine filed an amended petition on April 25, 2019. ECF No. 28. On October 1, 2019, this court granted Jardine's unopposed request for a stay to exhaust an unexhausted claim in state court. ECF No. 38.

On December 4, 2019, the state district court denied Jardine's state exhaustion petition on procedural grounds. ECF No. 48-12. On appeal, the Nevada Supreme Court affirmed that decision. ECF No. 48-21. On March 18, 2021, this court granted Jardine's motion to reopen these proceedings. ECF No. 41. Respondents filed a motion to dismiss in response to the amended petition (ECF No. 44) that the court denied without prejudice when it granted Jardine's motion for a more definite statement (ECF No. 52). ECF No. 64. Respondents then filed the motion to dismiss that is now before the court for decision. ECF No. 65.

II. DISCUSSION

1. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). Id. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). However, an untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Respondents argue that Jardine's initial pro se petition (ECF No. 8) was not filed within the 1-year statutory period. This court previously determined that Jardine had made a sufficient preliminary showing under Gibbs v. Legrand, 767 F.3d 879 (9th Cir. 2014), for his petition to not be summarily dismissed. ECF No. 10. In responding to the motion to dismiss, Jardine makes a convincing argument that he is, indeed, entitled to equitable tolling based on Gibbs. ECF No. 71 at 10-21. Respondents concede this point but reserve the right to argue on appeal that Gibbs was wrongly decided. ECF No. 73 at 6.

Respondents further argue that, even if Jardine's initial petition is timely, the claims in his untimely amended petition must be dismissed unless he can establish that they are timely-filed based on another provision of the statute of limitations or that they "relate back" to a prior timely-filed pleading. For amended federal petitions filed beyond the statutory period, the Supreme Court's decision in Mayle v. Felix, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). The Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts"

with claims contained in the original petition. Mayle, 545 U.S. at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. Id. at 661. The scope of Rule 15(c) must be read in light of Habeas Rule 2(c), which "instructs petitioners to 'specify all [available] grounds for relief' and to 'state the facts supporting each ground.'" Id. (alteration in original).

Respondents contend that Claims 1, 2, 4, 5, and 6 (in part) of Jardine's amended petition do not relate back to his initial petition. In response, Jardine explains why, in his view, Claims 2, 4, 5, and 6 relate back to his initial petition. For Claim 1, he argues the claim is timely because it is based on McCoy v. Louisiana, 138 S.Ct. 1500 (2018), and was filed within one year of the Supreme Court's decision in that case. Having considered the parties' arguments, the court concludes as follows.

*Claim 1* – In Claim 1, Jardine alleges that his constitutional right to autonomy to control his defense was violated when his counsel conceded his guilt without his advance knowledge. ECF No. 28 at 7-17. The Court in McCoy held that a defendant's Sixth Amendment right to determine the objective of his defense is violated if counsel, counter to a defendant's instructions to maintain innocence, instead concedes guilt. McCoy, 138 S. Ct. at 1512. Jardine argues the claim is timely because he filed his amended petition containing Ground 1 within one year of May 14, 2018, the date of the decision in McCoy.

Under 28 U.S.C. § 2244(d)(1)(C), a claim based on a newly recognized constitutional right is timely if it is filed within one year of the date the right is first recognized by the United States Supreme Court and made retroactive to cases on collateral review. While the date the Supreme Court announces the new rule is the operative date, a petitioner may take advantage of § 2244(d)(1)(C) only if the rule is made retroactive to cases on collateral review by the Supreme Court. Dodd v. United States, 545 U.S. 353, 359-60 (2005). This Court is unaware of any United States Supreme Court case making McCoy retroactive to cases on collateral review, and Jardine

has not pointed to any such authority. Accordingly, Jardine is not entitled to the later start date of the statute of limitations provided by § 2244(d)(1)(C). Ground 1 is dismissed as time-barred.

*Claim 2* – In Claim 2, Jardine alleges his constitutional rights were violated when the trial court refused to grant him access to information that Carrie Rose, his alleged victim, made prior false allegations of sexual misconduct and refused to allow him to cross-examine her on those matters. ECF No. 28 at 18-23. Claim 2 shares a common core of operative facts with claims contained in Jardine's initial petition. ECF Nos. 8 at 5, 8-1 at 20-21. Thus, Claim 2 is not time-barred.

*Claim 4* – In Claim 4, Jardine alleges the court's admission of evidence regarding a TPO between him and Rose violated his right to due process and a fair trial. ECF No. 28 at 27–29. Claim 4 shares a common core of operative facts with claims contained in Jardine's initial petition. ECF Nos. 8 at 7, 8-1 at 19-20. Thus, Claim 4 is not time-barred.

*Claim 5* – In Claim 5, Jardine alleges the evidence presented at trial was insufficient to prove he had the specific intent to murder Rose, that a first-degree kidnapping took place, or that the sexual encounter between Jardine and Rose was not consensual. ECF No. 28 at 18-23. Jardine argues the claim relates back to his initial petition because he raised the claim on direct appeal and attached the Nevada Supreme Court's decision to his petition.

Jardine is correct that attachments to a timely petition can provide the necessary facts to support relation back, but the petition itself must at least identify specific grounds for relief to which the facts relate. See Ross v. Williams, 950 F.3d 1160, 1170 (9th Cir. 2020) ("If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back."). Even under Ross, facts contained in attachments to the initial petition cannot provide the basis for relation back if they are not related to grounds for relief asserted within the timely petition. Id. at 1168 ("If an exhibit to the original petition includes facts unrelated to the grounds for relief asserted in that petition, those facts were not 'attempted to be set out' in that petition and cannot form a basis for relation back.").

That is the case here as the relevant facts in the Nevada Supreme Court decision do not relate to a ground for relief within Jardine's initial petition.[1] Consequently, Claim 5 does not relate back and is, therefore, time-barred.

*Claim 6* – In Claim 6, Jardine alleges he was deprived of his constitutional right to the effective assistance of counsel and describes various errors committed by counsel. ECF No. 28 at 32–38. Among those is a claim that counsel was ineffective by failing to obtain and present evidence of Jardine's ongoing divorce. *Id*. at 37. Respondents contend this portion of Claim 6 does not relate back to Jardine's initial petition. Respondents are mistaken. See ECF Nos. 8 at 3, 8-1 at 8-9. Thus, no part of Claim 6 is time-barred.

    2. Procedural Default

A federal court will not review a claim for habeas corpus relief if the state court's dismissal of the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

The Coleman Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). Before a federal court finds procedural default, it must determine that the state court explicitly invoked a state procedural bar as a separate basis for its decision. Id. at 729–30; McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 517 U.S. 1150 (1996). The state rule cited must be "clear,

---

[1] The Court's noncapital Section 2254 habeas petition form and the instructions direct the petitioner to attach to his petition a copy of all state court written decisions regarding his conviction. https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf. In all likelihood, Jardine was merely complying with that direction rather attempting to provide additional factual details in support of his claims.

consistently applied, and well-established at the time of the petitioner's purported default." Calderon v. United States Dist. Court for the E. Dist. of Cal., 96 F.3d 1126, 1129 (9th Cir.1996).

Respondents argue that Claim 1 is barred by the procedural default doctrine because the Nevada Supreme Court determined that the claim was barred as untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810. Jardine concedes that the claim was dismissed for procedural reasons, but contends the dismissal was not pursuant to an "independent" rule because the Nevada Supreme Court's analysis turned on the merits of the federal claim.

The Nevada Supreme Court addressed the merits of Jardine's McCoy claim, but did so in the context of deciding whether McCoy provided good cause for Jardine's default. ECF No. 48-21 at 2-4. A state court's application of a state procedural bar is not undermined by the state court's discussion of the merits of a federal claim only to demonstrate that the petitioner does not overcome the procedural bar by a showing of cause and prejudice. See Moran v. McDaniel, 80 F.3d 1261, 1269 (9th Cir. 1996). Because that is what happened here, Claim 1 is procedurally defaulted in addition to being time-barred.

III.  CONCLUSION

IT IS THEREFORE ORDERED that Respondents' motion to dismiss (ECF No. 65) is GRANTED in part and DENED in part. Claims 1 and 5 of the amended habeas petition (ECF No. 28) are dismissed.

IT IS FURTHER ORDERED that Respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the petition. Petitioner shall have 60 days from the date on which the answer is served on him to file and serve a reply.

Dated: February 13, 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE